BRONSTER FUJICHAKU ROBBINS
A Law Corporation
MARGERY S. BRONSTER        4750
ROBERT M. HATCH            7724
1003 Bishop Street, Suite 2300
Honolulu, Hawai'i  96813
Telephone: (808) 524-5644
Facsimile:  (808) 599-1881
E-mail:   mbronster@bfrhawaii.com
          rhatch@bfrhawaii.com

JAMES M. SMITH (*pro hac vice to be submitted*)
Doherty Smith, LLC
9501 W. 144th Place, Suite 101
Orland Park, Illinois  60462
Telephone:  (708) 645-8824
Facsimile:   (312) 319-4084
*Email:*     *JSmith@dohertysmith.com*

Attorneys for Plaintiff
CATHY L. BERMUDEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CATHY L. BERMUDEZ,<br><br>                    Plaintiff,<br>          v.<br><br>EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, CKS PRIME INVESTMENTS, LLC and CONTINENTAL FINANCE COMPANY, LLC,<br><br>                    Defendants. | Case No.<br><br>VERIFIED COMPLAINT; EXHIBIT "A"; DEMAND FOR JURY TRIAL;  SUMMONS |

## COMPLAINT

Cathy L. Bermudez ("Plaintiff") brings this action against defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union"), and CKS Prime Investments, LLC ("CKS Prime"), Continental Finance Company, LLC ("Continental") (collectively, "Defendants") as follows:

## PRELIMINARY STATEMENT

1. Twenty-three million people are victims of identity theft each year.[1] Plaintiff is a victim of Identity theft.

2. Plaintiff brings this action against Defendants for damages resulting from their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

3. "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681

---

[1] Victims of Identity Theft, 2018, 1. U.S. Dept. of Justice, Bureau of Justice Statistics.  April 2021, NCJ 256085.

(a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

4.      Consumer reporting agencies are to "[]adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

5.      The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The statute provides for civil liability for a wide range of abusive actions, including, but not limited to, the false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

6.      Defendants have failed their grave responsibilities of fairness, impartiality, and a respect for Plaintiff's right of privacy, which failures are causing damage to Plaintiff.

7.      Plaintiff also seeks to enforce those policies and civil rights which are expressed through the FDCPA. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001). Over one-

third of debt collection complaints to the CFPB are about attempts to collect a debt that is not owed as is the case here. *Fair Debt Collection Practices Act—CFPB Annual Report 2015* at 13 (2015).[2]

8.    Defendants' failure to conduct a reasonable investigation into the fraudulent accounts, and continued reporting of the known error, has caused significant damage to Plaintiff.

## JURISDICTION

9.    Jurisdiction is proper under 28 U.S.C. § 1346(b)(1), 28 U.S.C. § 1331, and 15 U.S.C. § 1681p (FCRA) as this action arises under the laws of the United States.

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within Hawai'i and the Hawai'i judicial district.

## PARTIES

11.    Plaintiff, Cathy L. Bermudez, is a natural person who resides in Kahului, Hawai'i.

12.    Plaintiff is a consumer as defined in the FDCPA. *See* 15 U.S.C. § 1692a(3).

---

[2] http://files.consumerfinance.gov/f/201503_cfpb-fair-debt-collection-practices-act.pdf (last visited November 2, 2022).

13.     Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. §1681a(c): "an individual."

14.     Equifax is a corporation with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309. Equifax's registered agent is 1003 Bishop Street, Suite 1600 Pauahi Tower, Honolulu, Hawai'i 96813.

15.     Equifax is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

16.     Defendant Experian is an Ohio corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Its registered agent, C T Corporation System, is located at 900 Fort Street Mall, Suite 1680, Honolulu, Hawai'i 96813.

17.     Experian is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

18.     Trans Union is an Illinois limited liability corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661. Its

registered agent, Corporation Service Company is located at 1003 Bishop Street, Suite 1600 Pauahi Tower, Honolulu, Hawai'i 96813.

19.    Trans Union is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

20.    In the U.S. market, defendant CKS Prime is a purchase debt buyer whose business model is to collect as many debts as they can with the smallest possible expense. CKS Prime is located at 3838 N Causeway Blvd, Suite 2800, Metairie, Louisiana 70002.  Its registered agent, C T Corporation System is located at 900 Fort Street Mall, Suite 1680, Honolulu, Hawai'i 96813.

21.    CKS Prime is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. § 1681s-2(b) and a "debt collector" as that term is defined in the FDCPA. 15 U.S.C. § 1692, *et seq*.

22.    Continental is a company that services credit cards for consumer with less than excellent credit. Its portfolio includes credit cards issued by Celtic Bank. Continental is headquartered in Delaware with its registered agent listed as Lamiaa Elfar at 4550 New Linden Hill Road, Suite 400, Wilmington, Delaware 19808. The Hawai'i Secretary of State Database lists no registered agent for Continental.

23.    Continental is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. § 1681s-2(b).

24.    Defendants regularly conduct business in Hawai'i.

### FACTS

25.    In September 2022, Plaintiff learned that someone used her identity to fraudulently obtain a credit card issued by Celtic Bank and serviced by Continental Finance Company and then incur charges that Plaintiff never authorized. Thieves charged, in total, $910 to the fraudulent credit card. That fraudulent credit card account was never paid so Continental Finance Company then sent the account to a third-party debt collector—CKS Prime.

26.    Plaintiff's three major credit reports erroneously reported a Continental Finance/Celtic Bank account was opened on October 19, 2021, and had a high balance owed of $910.00. Plaintiff's credit reports also report that the fraudulent Continental Finance account was sold to CKS Prime with a current balance owed of $911.00.

27.    Plaintiff did not authorize anyone to open the Continental Finance credit card.

28.    Moreover, Plaintiff's Experian credit file, shows a residential address of 1401 S Broadway St., Fort Scott, KS 667011912. Plaintiff is unsure whether that

address has anything to do with the identity theft, but Plaintiff has never resided in Kansas.

29.     On November 2, 2022, Plaintiff filed a Federal Trade Commission Identity Theft Affidavit report.

30.     The fraudulent Continental Finance credit card and the CKS Prime collection are reporting to Plaintiff's Equifax, Experian, and Trans Union credit reports.

31.     Plaintiff then caused detailed dispute letters that contained the FTC Identity Theft Affidavit to be delivered via certified mail to Equifax, Experian, and Trans Union.

32.     On February 11, 2023, Experian received Plaintiff's dispute letter—tracking number 9407-1118-9956-2114-1976-52.

33.     On February 13, 2023, Equifax received Plaintiff's dispute letter--tracking number 9407-1118-9956-2114-1852-08.

34.     On February 13, 2023, TransUnion received Plaintiff's dispute letter--tracking number 9407-1118-9956-2114-1236-06.

35.     Upon information and belief, and pursuant to the FCRA, Equifax, Experian, and Trans Union forwarded Plaintiff's dispute letters to Continental Finance and to CKS Prime within five business days of receiving Plaintiff's

dispute letters so that Continental Finance and CKS Prime could investigate the merits of Plaintiff's disputes.

36.     Plaintiff also contacted CKS Prime, and spoke to a CKS Prime representative, to let them know the account was fraudulently opened.

37.     Despite Plaintiff's lawful requests for removal of the fraudulent accounts pursuant to the FCRA, Experian, Equifax, Trans Union, Continental Finance, and CKS Prime failed to: 1) adequately investigate Plaintiff's disputes; 2) failed to provide any details on the investigation, and; 3) failed to remove the disputed, derogatory, fraudulent, and erroneous items from Plaintiff's Equifax, Experian, and Trans Union credit file.

38.      Plaintiff never heard back from Equifax, Experian, or Trans Union about the results of their investigations.

39.     On October 24, 2023, Plaintiff pulled her credit reports again and saw that Equifax, Experian, and Trans Union continue to report the fraudulent accounts on Plaintiff's credit report.

40.     Despite Plaintiff sending detailed dispute letters to each credit reporting agency, both fraudulent CKS Prime and Continental Finance accounts remain listed as "not disputed" on TransUnion and Experian. Equifax has listed the CKS Prime account as "disputed" but continues to list the Continental Finance account as "not disputed'.

41.     Upon information and belief, Defendants failed to evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make sufficient—if any—attempts to remove the disputed items within a reasonable time following Defendant's receipt of Plaintiff's dispute.

42.     Despite Plaintiff's lawful requests for removal of the disputed items pursuant to the FCRA, the Defendants failed to investigate Plaintiff's disputes and failed to remove the disputed, derogatory, and erroneous items from Plaintiff's credit reports to date.

43.     Defendants failed to update Plaintiff's credit reports to remove the fraudulent accounts.

44.     Defendants' actions have damaged Plaintiff financially and harmed Plaintiff's reputation. In addition, Defendants' actions have caused Plaintiff to suffer anguish, embarrassment, emotional distress, humiliation, and frustration.

45.     Plaintiff paid a service to help her try to remove the fraudulent accounts from her credit file.

46.     Plaintiff is worried to apply for any credit due to the derogatory and fraudulent accounts being reported to all three credit bureaus to date.

47.     Plaintiff has suffered damages proximately caused by the conduct of Defendants, including:

      i.      Paid for a service to help her remove the fraudulent accounts from her credit file;

ii.   Emotional distress, damage to reputation, humiliation, guilt, stress, anxiety, frustration, mental pain, anguish, distress, and loss of focus and production;

iii.  Time and expense of pulling/reviewing credit reports and meeting with professionals about how to best proceed;

iv.   Believing that the erroneous accounts may continue to be reported inaccurately and misleadingly through no fault of Plaintiff's and have a chilling effect on ability to obtain credit;

v.    Adverse information on credit reports and a negative impact to credit rating;

vi.   An inability to improve credit scores during the dispute process;

vii.  An inability to qualify for financing;

viii. Invasion of privacy; and

ix.   A lower credit score.

## <u>COUNT I</u>

**Equifax's Failure to Reasonably Investigate
FCRA §§ 1681e(b) and 1681i**

48.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

49.   Equifax is a consumer reporting agency as defined by Section 1681a(f) of the FCRA:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate

11

commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

50.     Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in his or her credit report, a consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…before the end of the 30-day period beginning on the date on which the agency receives notice of the dispute from the consumer."

51.     Pursuant to 15 U.S.C. § 1681i(a)(4) Equifax must "review and consider all relevant information submitted by the consumer" when Equifax conducts any reinvestigation.

52.     Plaintiff sent a dispute letter, along with supporting documentation, to Equifax requesting that Equifax remove the derogatory and fraudulent Continental Finance/Celtic Bank account balance and monthly payment obligation and remove the derogatory and fraudulent CKS Prime Investments account balance and monthly payment obligation from Plaintiff's Equifax credit report.

53.     Equifax failed to conduct a reasonable investigation of the inaccurate and unverifiable information in its Plaintiff's credit file about the above-mentioned derogatory accounts after receiving actual notice of the inaccuracies

with supporting documentation showing that Continental Finance/Celtic Bank and CKS Prime Investments were reporting inaccurately.

54.     Equifax violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

55.     Equifax violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions,including, but not limited to, the following:

> a. failing to (i) conduct a reasonable reinvestigation of Plaintiff's disputes concerning all items of information Plaintiff disputed, and (ii) record thecorrect statuses of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);
>
> b. failing to delete the erroneous items from Plaintiff's credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);
>
> c. failing to provide Plaintiff's disputes to the companies that provided the information to Equifax within 5 business days, in violation of § 1681i(a)(2);

d. failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

e. failing to properly delete items of disputed information from Plaintiff's credit file that Equifax could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

56. These violations of §§ 1681e(b) and 1681i were willful, rendering Equifax liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

57. In the alternative, Equifax's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

58. Plaintiff has suffered anguish, embarrassment, humiliation, frustration, reputational damage, and emotional distress because of Equifax's

///

///

///

///

59.     failure to fully and properly investigate Plaintiff's disputes.

## COUNT II

### Experian's Failure to Reasonably Investigate
### FCRA §§ 1681e(b) and 1681i

60.     Plaintiff incorporates the paragraphs preceding Count I as though

fully set forth herein.

61.     Experian is a consumer reporting agency as defined by Section

1681a(f) of the FCRA:

> any person which, for monetary fees, dues, or on a
> cooperative nonprofit basis, regularly engages in
> whole or in part in the practice of assembling or
> evaluating consumer credit information or other
> information on consumers for the purpose of
> furnishing consumer reports to third parties, and
> which uses any means or facility of interstate
> commerce for the purpose of preparing or
> furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

62.     Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any

item of information contained in his or her credit report, a consumer reporting

agency must "conduct a reasonable reinvestigation to determine whether the

disputed information is inaccurate and record the current status of the disputed

information, or delete the item from the file…before the end of the 30-day period

beginning on the date on which the agency receives notice of the dispute from the consumer."

63.     Pursuant to 15 U.S.C. § 1681i(a)(4) Experian must "review and consider all relevant information submitted by the consumer" when Experian conducts any reinvestigation.

64.     Plaintiff sent a dispute letter, along with supporting documentation, to Experian requesting that Experian remove the derogatory and fraudulent Continental Finance/Celtic Bank account balance and monthly payment obligation and remove the derogatory and fraudulent CKS Prime Investments account balance and monthly payment obligation from Plaintiff's Experian credit report.

65.     Experian failed to conduct a reasonable investigation of the inaccurate and unverifiable information in its Plaintiff's credit file about the above-mentioned derogatory accounts after receiving actual notice of the inaccuracies with supporting documentation showing that Continental Finance/Celtic Bank and CKS Prime Investments were reporting inaccurately.

66.     Experian violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

67.     Experian violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions,including, but not limited to, the following:

a.  failing to (i) conduct a reasonable reinvestigation of Plaintiff's disputes concerning all items of information Plaintiff disputed, and (ii) record thecorrect statuses of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

b.  failing to delete the erroneous items from Plaintiff's credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);

c.  failing to provide Plaintiff's disputes to the companies that provided the information to Experian within 5 business days, in violation of § 1681i(a)(2);

d.  failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

e.  failing to properly delete items of disputed information from Plaintiff's credit file that Experian could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

68.     These violations of §§ 1681e(b) and 1681i were willful, rendering Experian liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

69.     In the alternative, Experian's violations of §§ 1681e(b) and 1681i were negligent,entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

Plaintiff has suffered anguish, embarrassment, humiliation, frustration, reputational damage, and emotional distress because of Experian's failure to fully and properly investigate Plaintiff's disputes.

## COUNT III

### Trans Union's Failure to Reasonably Investigate
### FCRA §§ 1681e(b) and 1681i

70.     Plaintiff incorporates the paragraphs preceding Count I as though fully set forth herein.

71.     Trans Union is a consumer reporting agency as defined by Section 1681a(f) of the FCRA:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate

> commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

72.    Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in his or her credit report, a consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…before the end of the 30-day period beginning on the date on which the agency receives notice of the dispute from the consumer."

73.    Pursuant to 15 U.S.C. § 1681i(a)(4) Trans Union must "review and consider all relevant information submitted by the consumer" when Trans Union conducts any reinvestigation.

74.    Plaintiff sent a dispute letter, along with supporting documentation, to Trans Union requesting that Trans Union remove the derogatory and fraudulent Continental Finance/Celtic Bank account balance and monthly payment obligation and remove the derogatory and fraudulent CKS Prime Investments account balance and monthly payment obligation from Plaintiff's Equifax credit report.

75.    Trans Union failed to conduct a reasonable investigation of the inaccurate and unverifiable information in its Plaintiff's credit file about the above-mentioned derogatory accounts after receiving actual notice of the

inaccuracies with supporting documentation showing that Continental

Finance/Celtic Bank and CKS Prime Investments were reporting inaccurately.

76.     Trans Union violated 15 U.S.C. § 1681e(b) by its conduct, acts, and

omissions in failing to establish or to follow reasonable procedures to assure

maximum possible accuracy of information concerning Plaintiff in the preparation

and publication of Plaintiff's consumer reports.

77.     Trans Union violated multiple sections of 15 U.S.C. § 1681i by its

acts and omissions,including, but not limited to, the following:

> a. failing to (i) conduct a reasonable reinvestigation of Plaintiff's disputes concerning all items of information Plaintiff disputed, and (ii) record thecorrect statuses of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);
>
> b. failing to delete the erroneous items from Plaintiff's credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);
>
> c. failing to provide Plaintiff's disputes to the companies that provided the information to Trans Union within 5 business days, in violation of § 1681i(a)(2);
>
> d. failing to review and consider all relevant information

submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

e.  failing to properly delete items of disputed information from Plaintiff's credit file that Trans Union could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

78.    These violations of §§ 1681e(b) and 1681i were willful, rendering Trans Union liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

79.    In the alternative, Trans Union's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

80.    Plaintiff has suffered anguish, embarrassment, humiliation, frustration, reputational damage, and emotional distress because of Trans Union's failure to fully and properly investigate Plaintiff's disputes.

## COUNT IV

### CKS Prime's Violations of the FDCPA

81.    Plaintiff incorporates the paragraphs preceding Count I as though fully set forth herein.

82.    The foregoing acts and omissions of CKS Prime constitute violations of the FDCPA including but not limited to violations of 15 U.S.C. §1692e and §1692f by attempting to collect a debt from Plaintiff that Plaintiff does not owe.

83.    As a result of CKS Prime's violations of the FDCPA, Plaintiff is entitled from Defendant: actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT V

### FCRA – CKS Prime's Failure to Investigate

84.    Plaintiff incorporates the paragraphs prior to Count I as though fully set forth herein.

85.    Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after a furnisher of information receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency,

[that furnisher of information] shall conduct an investigation with respect to the disputed information."

86.    Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after a furnisher of information receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [that furnisher of information] shall review all relevant information provided by the consumer reporting agency…"

87.    CKS failed to fully and properly investigate Plaintiff's disputes.

88.    CKS failed to review all relevant information provided by the Credit Bureau Defendants relating to Plaintiff's disputes.

89.    CKS's conduct, action, and inaction was willful, or, in the alternative, negligent.

90.    Plaintiff suffered embarrassment, humiliation, and emotional distress because of CKS's failure to fully and properly investigate Plaintiff's disputes.

## <u>COUNT VI</u>

### **FCRA – Continental Finance's Failure to Investigate**

91.    Plaintiff incorporates the paragraphs prior to Count I as though fully set forth herein.

92.    Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after a furnisher of information receives notice of a "dispute with regard to the completeness or

accuracy of any information provided by a person to a consumer reporting agency, [that furnisher of information] shall conduct an investigation with respect to the disputed information."

93.     Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after a furnisher of information receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [that furnisher of information] shall review all relevant information provided by the consumer reporting agency…"

94.     Continental failed to fully and properly investigate Plaintiff's disputes.

95.     Continental failed to review all relevant information provided by the Credit Bureau Defendants relating to Plaintiff's disputes.

96.     Continental's conduct, action, and inaction was willful, or, in the alternative, negligent.

97.     Plaintiff suffered embarrassment, humiliation, and emotional distress because of Truist's failure to fully and properly investigate Plaintiff's disputes.

WHEREFORE, Plaintiff requests that this Honorable Court:

      a.     Enter judgment in Plaintiff's favor and against Defendants;

      b.     Appropriate statutory penalties for each violation of the FCRA and FDCPA;

    c.      Actual damages;

    d.      Punitive damages;

    e.      Reasonable attorney's fees and the costs of this litigation;

    f.      Pre-judgment and post-judgment interest at the legal rate;

    g.      Appropriate equitable relief, including the correction of Plaintiff's credit reports; and

    h.      Such other relief as the Court deems equitable, just, and proper.

DATED: Honolulu, Hawai'i, January 26, 2024.

*/s/ Robert M. Hatch*
MARGERY S. BRONSTER
ROBERT M. HATCH
JAMES M. SMITH (*pro hac vice to be submitted*)

Attorneys for Plaintiff
CATHY L. BERMUDEZ